IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JAMES GARDNER,<br><br>    Plaintiff,<br><br>vs.<br><br>CARDINAL CONSTRUCTION, INC.,<br><br>    Defendant. | No. C13-2001<br><br>RULING ON MOTION TO CONSOLIDATE |

TABLE OF CONTENTS

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.  DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    A.   FEDERAL RULE OF CIVIL PROCEDURE 42(a) . . . . . . . . . . . . . . . . . . . 3
    B.   Do Gardner's and Robinson's Claims Involve Common
        Questions of Fact or Law? . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    C.   Would Consolidation Lead to Inefficiency, Inconvenience,
        or Unfair Prejudice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

V.    SUMMARY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

VI.  ORDER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

I. INTRODUCTION

This matter comes before the Court on the Motion to Consolidate (docket number 9) filed by the Plaintiff on June 20, 2013, the Resistance (docket number 10) filed by the

Defendant on July 5, and the Reply (docket number 11) filed by the Plaintiff on July 12. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## II. PROCEDURAL HISTORY

On July 20, 2011 Plaintiff James Gardner sued Defendant Cardinal Construction, Inc. ("Cardinal") in the Iowa District Court for Black Hawk County. Cardinal, an Iowa construction company, employed Gardner as a finish carpenter on September 29, 2009. Gardner claims that on his first day of work, he was injured "during the course and scope of his employment." Gardner underwent two surgeries, and was allegedly released by his physician to return to work without restrictions on May 10, 2010. Gardner claims that immediately after his doctor's release, Cardinal wrongfully discharged him because he had claimed workers' compensation benefits. In December 2012, Gardner filed a second suit against Cardinal, claiming his discharge was in violation of the Iowa Civil Rights Act and the Americans with Disabilities Act. The Iowa District Court for Black Hawk County granted the parties' joint motion to consolidate the two suits on January 4, 2013.

The action was removed to this Court on January 7, 2013. On January 22, Cardinal filed an answer and jury demand. Cardinal's answer generally denied Gardner's allegations and asserted certain affirmative defenses. On April 8, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. The trial ready date is August 25, 2014.

## III. RELEVANT FACTS

The issue raised by the instant motion is whether the Court should consolidate Gardner's suit with *Robinson v. Cardinal Construction, Inc.*, No. 6:12-cv-02089-EJM. *Robinson* was removed to this Court from the Iowa District Court for Black Hawk County on December 17, 2012. The plaintiff in *Robinson*, Craig Robinson, was also an employee of Defendant Cardinal and is represented by the same attorney as Gardner. Robinson sustained injuries in a bicycle accident on March 15, 2010, and Cardinal granted him

2

medical leave to rehabilitate his hip. Robinson alleges that his physician released him to return to work without restrictions on May 4, 2010, and that Cardinal terminated his employment on June 18, 2010 based on a perceived disability. Like Gardner, Robinson claims his discharge was in violation of the Iowa Civil Rights Act and the Americans with Disabilities Act.

Gardner asks that the Court consolidate his action with *Robinson*, for purposes of pre-trial proceedings and trial, because the cases involve common questions of law and fact. Gardner notes that both he and Robinson were employees of Cardinal, both were terminated after sustaining injuries, both had allegedly been released to return to work without restrictions by their physicians, the terminations occurred within approximately one month of each other, and both allege that they were terminated based on a perceived disability in violation of the Iowa Civil Rights Act and the Americans with Disabilities Act.

Cardinal resists consolidation for trial, arguing the two suits do not share any common facts and involve dissimilar questions of law. Cardinal states that because the circumstances of each plaintiff's injuries and termination differ, the cases do not share common facts, and the legal questions involved will necessarily turn on the distinct circumstances surrounding each plaintiff's injury, medical treatment, and interactions with Cardinal. Cardinal also claims consolidation for trial would result in inefficiency, inconvenience, and unfair prejudice. Cardinal does not object to consolidation for purposes of discovery.

## IV. DISCUSSION

### A. FEDERAL RULE OF CIVIL PROCEDURE 42(a)

Rule 42(a) governs consolidation of cases and states:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;

3

> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Consolidation is a "matter of convenience and economy in administration." *E.E.O.C. v. Von Maur, Inc.*, 237 F.R.D. 195, 197 (S.D. Iowa 2006) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496 (1933)). The purpose of consolidating actions is to "avoid unnecessary cost or delay." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998). A court should not consolidate claims, however, if consolidation would lead to "inefficiency, inconvenience, or unfair prejudice to a party." *Id.* The party seeking consolidation has the burden of demonstrating that consolidation would "promote judicial convenience and economy." *Powell v. Nat'l Football League*, 764 F. Supp. 1351, 1359 (D. Minn. 1991).

### B. Do Gardner's and Robinson's Claims Involve Common Questions of Fact or Law?

A common issue of fact or law is a requirement for consolidation. *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). *See also Seguro de Servicio de Salud de P.R. v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) ("The threshold issue is whether the two proceedings involve a common party and common issues of fact or law."). The Court need not find that common questions of law or fact dominate the case, but rather only that they exist. *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008). The fact that the plaintiffs in two cases assert similar theories of recovery does not constitute a common question of law that justifies consolidation. *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 81 (D.N.J. 1993) (citing *Flintkote Co. v. Allis-Chalmers Corp.*, 73 F.R.D. 463, 465 (S.D.N.Y. 1977))

In *Enterprise Bank*, the Court held that consolidation was inappropriate because the two cases did not contain common issues of fact or law. *Enterprise Bank*, 21 F.3d at 235. Although the plaintiffs in both cases sought recovery for breach of contract against the

4

same defendant, the Court found this commonality insufficient because the legal issues underlying the contract claims were unrelated. *Id.* The Court stated that "the only common factual thread running through the lawsuits" was that the plaintiffs sued the same defendant. Noting that a common issue of law or fact is a "prerequisite to consolidation," the Court held that the district court had abused its discretion in consolidating the two lawsuits. *Id.*

Gardner argues that his case shares issues of fact and law with *Robinson* because both Gardner and Robinson were discharged by Cardinal after sustaining injuries, and both have alleged that they were terminated in violation of the Iowa Civil Rights Act and the Americans with Disabilities Act. Cardinal cites several employment-related cases where courts have found joint trials inappropriate. Courts have declined to combine cases for trial where the plaintiffs were discharged by the same employer for similar reasons, but the cases involved distinct underlying circumstances. For example, in *Thompson v. Sanderson Farms, Inc.*, 2006 WL 2559852 (S.D. Miss. 2006), the Court denied a motion to join for trial cases brought by several plaintiffs who alleged race-based discrimination by the same employer. The Court found that there were no common questions of law or fact, even though the plaintiffs asserted claims "based upon the same general theories of law," because "whether a defendant unlawfully discriminated against one plaintiff . . . in a given department is not common with the question whether defendant unlawfully discriminated against another plaintiff in a separate department." *Id.* at *3. In finding separate trials warranted under Rule 42(b), the Court noted that each plaintiff's allegation of discrimination arose from "discrete employment decisions" and each plaintiff's claims were "unique to his or her personal employment history and circumstances." *Id.* at *4.

Similarly, in *Carrington v. Vertex Aerospace, LLC*, 2004 WL 838014 (W.D. Tex. 2004) the Court granted a motion for severance of two cases involving violations of Title VII of the Civil Rights Act by the same employer. The plaintiffs in each case had

5

apparently worked "in different departments at different times for different supervisors." *Id.* The Court found that no common question of law or fact existed, and noted that "it appears that the connection between the plaintiffs is nothing more than their allegations of discrimination by a common employer pursued by a single attorney." *Id.* at *1.

Here, *Gardner* and *Robinson* do not share common issues of fact or law. As Cardinal points out, the circumstances of each Plaintiff's injury and termination differ. That is, Gardner and Robinson "sustained different types of injuries, received different medical treatment, were on different types of leave, . . . worked on separate crews, had different supervisors, had different interactions with the management-level employees who participated in the decision to terminate their employment, . . . and were given different reasons by Cardinal for their termination." Cardinal's Brief (docket number 10) at 1-2. As Gardner argues, the cases are similar in that both Plaintiffs seek recovery for allegedly unlawful terminations based on a perceived disability in violation of the Iowa Civil Rights Act and the Americans with Disabilities Act. However, as in *Enterprise Bank*, 21 F.3d 233, 235 (8th Cir. 1994), where the Court held that the cases did not share any issues of fact or law even though both cases involved breach of contract claims against the same defendant, Gardner and Robinson have asserted similar theories of recovery that do not involve common questions of fact or law. In other words, while Gardner and Robinson both claim they were discharged by Cardinal in violation of the same statutes, thereby asserting similar theories of recovery, the cases do not share issues of fact or law making consolidation appropriate. *See Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 81 (D.N.J. 1993) (denying consolidation because it is not enough that two cases assert the same theory of recovery).

Like the plaintiffs in *Thompson*, 2006 WL 2559852, and *Carrington*, 2004 WL 838014, where the courts declined to try discrimination cases against the same employers together and found common questions of law or fact lacking, Gardner and Robinson

6

worked in different departments for different supervisors. As the *Thompson* Court reasoned, the question of discrimination against a particular employee is "unique to [each plaintiff's] personal employment history and circumstances." *Thompson*, 2006 WL 2559852 at *3. Here, the facts underlying Robinson's and Gardner's discrimination allegations, including each man's employment history and communications with Cardinal, are unique to each Plaintiff. The question of whether Cardinal discriminated against Robinson or Gardner will, as Cardinal points out, turn on circumstances particular to each Plaintiff, such as each man's injury, medical treatment, interactions with Cardinal, and the explanation given by Cardinal for termination. That is, given the disparate circumstances underlying Robinson's and Gardner's claims, the fact that both asserted discrimination claims against the same employer is not enough for the Court to conclude that a common question of fact or law exists. Accordingly, the threshold requirement for consolidation has not been met. *Enterprise Bank*, 21 F.3d at 235 (holding a common issue of fact or law is a requirement for consolidation).

### C. Would Consolidation Lead to Inefficiency, Inconvenience, or Unfair Prejudice?

Even if Gardner's and Robinson's suits shared common issues of law or fact, the Court should not consolidate the two cases if it would lead to inefficiency, inconvenience, or unfair prejudice. *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998). *See also Johnson v. Doyle*, 2010 WL 1692212 at *1 (E.D. Mo. 2010) (noting that consolidation is discretionary and that the existence of a common question does not mean that the trial court must order consolidation). In deciding whether consolidation of two cases would promote judicial economy, courts consider the overlap in evidence and witnesses. *HBE Corp.*, 135 F.3d at 551. For example, in *HBE Corp.*, the Court found consolidation appropriate because it would "avoid the inefficiency of separate trials involving related parties, witnesses, and evidence." *Id.* The plaintiffs in *HBE Corp.* were

7

terminated by the defendant employer on the same day, allegedly because one of the plaintiffs had refused to discharge the other plaintiff because he thought the company's discharge decision was racially motivated. *Id.* at 549. The Court noted that both plaintiffs planned to present similar evidence about a climate of racial hostility and the events surrounding the defendant's termination decision, and that the evidence was relevant to why one plaintiff was discharged and why the other believed it was due to racial discrimination. *Id.* at 551.

Gardner argues that like the plaintiffs in *HBE Corp.*, Gardner and Robinson will present related evidence and witnesses. Gardner claims that "most if not all of the discovery in *Gardner* will be relevant to the claims and defenses in *Robinson*," and each plaintiff will call the same two expert witnesses. Further, Gardner notes that each Plaintiff will likely call the other as a witness and present "the same evidence of Cardinal's pattern and practice in making employment related decisions." Cardinal, meanwhile, insists that consolidation will not serve judicial economy because the differing factual circumstances underlying each Plaintiff's claims mean that discovery will be dissimilar, and the Plaintiffs will not call the same witnesses. Cardinal cites *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 581 (E.D.N.Y. 1999), a race discrimination case where the court severed claims against the defendant employer. In *Morris*, the Court noted that the plaintiffs worked in separate departments under different supervisors who made the allegedly discriminatory decisions at issue. *Id.* The Court in *Morris* also stated that each plaintiff's claims would require different documentary evidence and different witnesses, and that there was "no evidence that the [plaintiffs'] claims are related in any respect other than the fact that they worked for the same company and they are both based on race discrimination." *Id.*

Here, unlike *HBE Corp.* where one plaintiff was discharged for refusing to terminate the other plaintiff, Gardner's and Robinson's terminations arose out of separate,

8

seemingly unrelated employment decisions. While much of the evidence in *HBE Corp.* was relevant to both plaintiffs, each Plaintiff here will have to present evidence relevant to only his claims of disability discrimination. Gardner and Robinson will likely call several witnesses that will present testimony relevant to only one of the Plaintiffs' claims, such as each Plaintiff's supervisors who allegedly discriminated against him, co-workers from each Plaintiff's department, each Plantiff's medical provider, and experts to testify about each Plaintiff's injury and treatment. Further, in addition to disability discrimination claims, Gardner asserts that Cardinal wrongfully terminated him in response to his filing of a worker's compensation claim. Evidence presented by Gardner and Cardinal concerning this allegation will not be relevant to Robinson's claims.

While Gardner asserts the Plaintiffs will present the same evidence about Cardinal's pattern and practice in making employment decisions, Cardinal claims that this contention is speculative because Cardinal has not taken actions that constitute a pattern or practice. Cardinal further asserts that evidence about a potential pattern or practice likely would not be relevant or admissible. As Gardner notes in his reply, courts have allowed plaintiffs suing employers to present evidence of other discrimination accusations against the same employer. *See Phillip v. ANR Freight Sys., Inc.*, 945 F.2d 1054, 1056 (8th Cir. 1991) (holding that the district court erred by excluding evidence of other age discrimination lawsuits against an employer); *Hawkins v. Hennepin Technical Ctr.*, 900 F.2d 153, 155-56 (8th Cir. 1990) ("Because an employer's past discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination, this evidence should normally be freely admitted at trial."). However, even if Gardner and Robinson plan to present similar evidence about a pattern or practice in Cardinal's employment decisions, it appears that much of the evidence presented will still be specific to one Plaintiff. As discussed, the circumstances underlying Gardner's and Robinson's discrimination claims, such as the circumstances of each man's

9

injury and interactions with Cardinal, differ. Thus, even if there may be some overlap in evidence, it appears that Gardner and Robinson will largely use different witnesses and evidence to support their discrimination claims.

Cardinal also notes that Gardner's trial is a jury trial, while Robinson's trial is a bench trial. Considering that some evidence and testimony will only be relevant and admissible in regard to Gardner's claims, Cardinal argues that consolidation for trial would result in inefficiency because the Court would have to "constantly determine what testimony and evidence was being taken for which matter and to march the jury in and out of the courtroom." Cardinal's Brief (docket number 10) at 2. Whether both cases are to be tried before a jury or the bench is a factor courts consider when determining whether consolidation would result in inefficiency. *See U.S. E.P.A. v. City of Green Forest, Ark.*, 921 F.2d 1294, 1403 (8th Cir. 1990) (upholding denial of consolidation and noting that one plaintiff's action was to be tried before a jury, while the other plaintiff's action was to be tried before the Court). Thus, because much of the evidence presented will not be relevant to both Plaintiffs' claims and only Gardner's trial is a jury trial, it appears that consolidation of Gardner's and Robinson's claims would result in inefficiency.

Cardinal also argues that consolidation would lead to unfair prejudice. Cardinal claims that if a jury heard evidence regarding Robinson's claims, then Cardinal would be prejudiced because jurors may be influenced by, or draw inferences from, Robinson's unrelated claims and the respective strengths of the cases. Cardinal further notes that consolidation could create jury confusion because a jury would have to "wade through evidence and determine what is relevant to Gardner's claims, the only claims they are permitted to consider." Cardinal's Brief (docket number 10) at 8. Cardinal cites several employment cases where courts found separate trials for suits against the same employer warranted in order to avoid prejudice or jury confusion. For example, in *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 581 (E.D.N.Y. 1999), the Court stated

10

that the possibility of prejudice to the defendants was one reason it ordered separate trials. The Court noted that one plantiff's claim of discrimination spanning two years was "more serious" than the other plaintiff's claim of isolated race discrimination. In concluding that a joint trial could be prejudicial, the Court reasoned that "[t]he potential inferences or conclusions that the jury may draw from the different claims and the strength of the respective cases could unfairly prejudice the defendants, and perhaps one of the plaintiffs." *Id.* Similarly, in *Thompson v. Sanderson Farms, Inc.*, 2006 WL 2559852 at *5 (S.D. Miss. 2006), a case involving thirty-one plaintiffs suing an employer, the Court ordered separate trials because otherwise "the jury would be required to keep separate each plaintiff's individualized discrimination claims, including their respective work histories, as well as their alleged damage and requests for relief."

Here, as Gardner points out in his reply, the potential for jury prejudice may be less than in some of the employment cases cited by Cardinal. Unlike *Morris* where the Court found one plaintiff's claims of prolonged discrimination "more serious," Gardner and Robinson brought similar disability discrimination claims based on their terminations following injuries. Still, as the *Morris* Court reasoned, prejudice to Cardinal could result from the jury drawing inferences or conclusions about Gardner's case from Robinson's unrelated allegations. Similarly, there may be less danger of jury confusion than in some of the cases Cardinal cites. Unlike *Thompson*, where the jury would have had to consider thirty-one plaintiffs' individual claims, the jury would only have to keep Gardner's claims separate from one other plaintiff's allegations. Still, as Cardinal points out, some potential of juror confusion exists and trying the cases together could "muddy the evidence and make trial proceedings cumbersome [and] unnecessarily lengthy." Cardinal's Brief (docket number 10) at 9. After carefully considering the competing arguments, the Court concludes that consolidation of *Gardner* and *Robinson* would lead to inefficiency, prejudice, and jury confusion.

11

Case 6:13-cv-02001-EJM   Document 12   Filed 07/18/13   Page 11 of 12

## V. SUMMARY

In conclusion, the Court finds that it should not consolidate *Gardner* with *Robinson*. Although the two suits both involve claims of discriminatory termination, the cases do not share common issues of fact or law because the circumstances underlying each plaintiff's discrimination claims differ. The question of whether Cardinal discriminated against either Gardner or Robinson will turn on circumstances particular to each Plaintiff, such as each man's injury, medical treatment, and interactions with Cardinal. Even if the cases involved common questions of fact or law, consolidation here would lead to inefficiency and prejudice. Given the disparate circumstances underlying each Plaintiff's claim, including the fact that the Plaintiffs worked in different departments under different supervisors, the overlap in evidence and witnesses will likely be minimal. Inefficiency would also result from the fact that only Gardner's trial is to be a jury trial. Finally, consolidation creates a potential for prejudice and jury confusion. Therefore, the Court finds that consolidation of Gardner's and Robinson's claims would be inappropriate.

## VI. ORDER

**IT IS THEREFORE ORDERED** that the Motion to Consolidate (docket number 9) filed by Plaintiff is **DENIED**.

DATED this 18th day of July, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA